CP:SLT
F.# 2008R01013/OCDETF # NY-NYE-578

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

RANDOLF SQUARE,
    also known as "Randy,"
DAVID SUNDAY,
    also known as "Snook" and
    Snookty,"
SEAN BARILKO,
WALTER BAUS,
FLOYD BINGHAM.


JOSEPH CHICARELLI,
DENISE COOK,



GUY GANTZ,
SCOTT GENERAL,



KIM KI JOO,

ANDREW KAGAN,
    also known as "Andy,"
MERSIM KOLENOVIC,

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 08-916 (S-3)(SLT)
(T. 21, U.S.C., §§
841(b)(1)(A)(vii),
846, 848(a), 848(c), 853,
960(a)(1), 960(b)(1)(G) and
963; T. 18, U.S.C., §§
2, 982, 1956(h) and 3551 et
seq.)

1

ROBIN OAKES,
     also known as "Robin Mason,"
SLOBODAN PAVICEVIC,
     also known as "Bobby,"
DENNIS QUINONES,
CARMELO RUIZ,
JOSEPH SCAVETTI,
GENTIAN SHKURTI,


DARREN WEINGROW and
ANTHONY ZINGARELLI,

- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Continuing Criminal Enterprise)

1.    In or about and between January 2003 and January 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE, also known as "Randy," and DAVID SUNDAY, also known as "Snook" and "Snookty," did knowingly and intentionally engage in a continuing criminal enterprise, in that they committed violations of Title 21, United States Code, Sections 841, 846, 952(a), 960 and 963, including Violations One through Twenty set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants RANDOLF SQUARE and DAVID SUNDAY, in concert with five or more other persons, with respect to whom the defendants RANDOLF SQUARE and DAVID SUNDAY occupied positions of organizer, supervisor and manager, and from which continuing series of

2

violations the defendants RANDOLF SQUARE and DAVID SUNDAY
obtained substantial income and resources.  The continuing series
of violations, as defined by Title 21, United States Code,
Section 848(c), includes the following violations set forth
below:

<u>Violation One</u>
(Conspiracy to Import Marijuana)

2.   In or about and between January 2003 and January
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
RANDOLF SQUARE and DAVID SUNDAY, together with others, did
knowingly and intentionally conspire to import a controlled
substance into the United States from a place outside thereof,
which offense involved 1,000 kilograms or more of a substance
containing marijuana, a Schedule I controlled substance, in
violation of Title 21, United States Code, Sections 952(a),
960(a)(1), 960(b)(1)(G) and 963.

<u>Violation Two</u>
(Conspiracy to Distribute Marijuana)

3.   In or about and between January 2003 and January
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
RANDOLF SQUARE and DAVID SUNDAY, together with others, did
knowingly and intentionally conspire to distribute and possess

3

with intent to distribute a controlled substance, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vii) and 846.

### Violation Three
(Importation of Marijuana)

4.     In or about November 2005, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(3), and Title 18, United States Code, Section 2.

### Violation Four
(Marijuana Distribution)

5.     In or about November 2005, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled

4

substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## Violation Five
### (Importation of Marijuana)

6.   In or about December 2005, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

## Violation Six
### (Marijuana Distribution)

7.   In or about December 2005, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

5

## Violation Seven
### (Importation of Marijuana)

8.    In or about October 2007, within the Northern District of New York, the Western District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

## Violation Eight
### (Marijuana Distribution)

9.    In or about October 2007, within the Northern District of New York, the Western District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

6

<u>Violation Nine</u>
(Importation of Marijuana)

10.  In or about February 2008, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

<u>Violation Ten</u>
(Marijuana Distribution)

11.  In or about February 2008, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

7

## Violation Eleven
(Importation of Marijuana)

12.   In or about March 2008, within the Eastern

District of New York and elsewhere, the defendants RANDOLF SQUARE

and DAVID SUNDAY, together with others, did knowingly and

intentionally import a controlled substance into the United

States from a place outside thereof, which offense involved a

substance containing marijuana, a Schedule I controlled

substance, in violation of Title 21, United States Code, Sections

952(a), 960(a)(1) and 960(b)(4), and Title 18, United States

Code, Section 2.

## Violation Twelve
(Marijuana Distribution)

13.   In or about March 2008, within the Eastern

District of New York and elsewhere, the defendants RANDOLF SQUARE

and DAVID SUNDAY, together with others, did knowingly and

intentionally distribute and possess with intent to distribute a

controlled substance, which offense involved a substance

containing marijuana, a Schedule I controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(D), and Title 18, United States Code, Section 2.

8

## Violation Thirteen
### (Importation of Marijuana)

14.   In or about May 2008, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(3), and Title 18, United States Code, Section 2.

## Violation Fourteen
### (Marijuana Distribution)

15.   In or about May 2008, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved 50 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

9

## Violation Fifteen
### (Importation of Marijuana)

16.  In or about July 2008, within the Eastern District
of New York and elsewhere, the defendants RANDOLF SQUARE and
DAVID SUNDAY, together with others, did knowingly and
intentionally import a controlled substance into the United
States from a place outside thereof, which offense involved a
substance containing marijuana, a Schedule I controlled
substance, in violation of Title 21, United States Code, Sections
952(a), 960(a)(1) and 960(b)(4), and Title 18, United States
Code, Section 2.

## Violation Sixteen
### (Marijuana Distribution)

17.  In or about July 2008, within the Eastern District
of New York and elsewhere, the defendants RANDOLF SQUARE and
DAVID SUNDAY, together with others, did knowingly and
intentionally distribute and possess with intent to distribute a
controlled substance, which offense involved a substance
containing marijuana, a Schedule I controlled substance, in
violation of Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D), and Title 18, United States Code, Section 2.

10

## Violation Seventeen
### (Importation of Marijuana)

18.  In or about November 2008, within the Northern District of New York, the Western District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

## Violation Eighteen
### (Marijuana Distribution)

19.  In or about November 2008, within the Northern District of New York, the Western District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

11

### Violation Nineteen
(Importation of Marijuana)

20.   In or about January 2009, within the Northern District of New York, the Western District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4), and Title 18, United States Code, Section 2.

### Violation Twenty
(Marijuana Distribution)

21.   In or about January 2009, within the Northern District of New York, the Western District of New York and elsewhere, the defendants RANDOLF SQUARE and DAVID SUNDAY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a

12

Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

COUNT TWO
(Conspiracy to Import Marijuana)

22.   In or about and between January 2003 and January 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE, also known as "Randy," DAVID SUNDAY, also known as "Snook" and Snookty," SEAN BARILKO, WALTER BAUS, FLOYD BINGHAM,                                                JOSEPH CHICARELLI, DENISE COOK,

GUY GANTZ, SCOTT GENERAL,

KIM KI JOO,                ANDREW KAGAN, also known as "Andy," MERSIM KOLENOVIC,

ROBIN OAKES, also known as "Robin Mason," SLOBODAN PAVICEVIC, also known as "Bobby," DENNIS QUINONES, CARMELO RUIZ, JOSEPH SCAVETTI, GENTIAN SHKURTI,

DARREN WEINGROW and ANTHONY ZINGARELLI,

13

together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 1,000 kilograms or more of a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952(a).

(Title 21, United States Code, Sections 963, 960(a)(1) and 960(b)(1)(G); Title 18, United States Code, Sections 3551 <u>et seq</u>.)

COUNT THREE
(Conspiracy to Distribute Marijuana)

23.   In or about and between January 2003 and January 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RANDOLF SQUARE, also known as "Randy," DAVID SUNDAY, also known as "Snook" and Snookty," SEAN BARILKO, WALTER BAUS, FLOYD BINGHAM,                              JOSEPH CHICARELLI, DENISE COOK,

GUY GANTZ, SCOTT GENERAL,

KIM KI JOO,                  ANDREW KAGAN, also known as "Andy," MERSIM KOLENOVIC,

ROBIN OAKES, also known as "Robin Mason," SLOBODAN PAVICEVIC,

14

also known as "Bobby," DENNIS QUINONES, CARMELO RUIZ, JOSEPH
SCAVETTI, GENTIAN SHKURTI,

DARREN WEINGROW and ANTHONY ZINGARELLI,
together with others, did knowingly and intentionally conspire to
distribute and possess with intent to distribute a controlled
substance, which offense involved 1,000 kilograms or more of a
substance containing marijuana, a Schedule I controlled
substance, in violation of Title 21, United States Code, Section
841(a)(1).

(Title 21, United States Code, Sections 846 and
841(b)(1)(A)(vii); Title 18, United States Code, Sections 3551 <u>et</u>
<u>seq</u>.)

<u>COUNT FOUR</u>
(Money Laundering Conspiracy)

24.   In or about and between January 2003 and January
2009, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
RANDOLF SQUARE, also known as "Randy," DAVID SUNDAY, also known
as "Snook" and Snookty," SEAN BARILKO, WALTER BAUS, FLOYD
BINGHAM,                                                JOSEPH
CHICARELLI, DENISE COOK,

GUY GANTZ, SCOTT GENERAL,

15

KIM KI JOO,                    ANDREW KAGAN, also

known as "Andy," MERSIM KOLENOVIC,


ROBIN OAKES, also known as "Robin Mason," SLOBODAN PAVICEVIC,

also known as "Bobby," DENNIS QUINONES, CARMELO RUIZ, JOSEPH

SCAVETTI, GENTIAN SHKURTI,

                    DARREN WEINGROW and ANTHONY ZINGARELLI,

together with others, did knowingly and intentionally conspire to

transport, transmit and transfer monetary instruments and funds

from a place in the United States to and through a place outside

the United States, to wit: Canada, (a) with the intent to promote

the carrying on of specified unlawful activity, to wit: narcotics

trafficking, in violation of Title 18, United States Code,

Section 1956(a)(2)(A), and (b) knowing that the monetary

instruments and funds involved in the transportation,

transmission and transfer represented the proceeds of some form

of unlawful activity and that such transportation, transmission

and transfer were designed in whole or in part to conceal and

disguise the nature, the location, the source, the ownership and

the control of the proceeds of the specified unlawful activity,

16

and to avoid one or more transaction reporting requirements under
Federal law, in violation of Title 18, United States Code,
Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS FOR COUNT ONE
(Continuing Criminal Enterprise)

25.   The United States hereby gives notice to the
defendants charged in Count One that, upon their conviction of
the offense charged in Count One, the government will seek
forfeiture in accordance with Title 21, United States Code,
Section 853, which requires any person convicted of such
offenses, to forfeit (a) any property constituting, or derived
from, any proceeds obtained, directly or indirectly, as a result
of such violations; (b) any property used, or intended to be
used, in any manner or part, to commit, or to facilitate the
commission of such violations; and (c) any interest in, claims
against, and property or contractual rights affording a source of
control over, the continuing criminal enterprise, including, but
not limited to, the following:

### Money Judgment

(a)   a sum of money equal to at least
approximately $100,000,000.00, the total amount of gross proceeds

17

the defendants obtained as a result of the offense, for which the defendants are jointly and severally liable.

### Specific Property

(b)   all right, title and interest in the real property located at 80-04 Penelope Avenue, Middle Village, New York;

(c)   all right, title and interest in the real property located at 516 State Route 37, Hogansburg, New York;

(d)   all right, title and interest in the real property located at 72 Fisherman's Lane, Snye, Quebec Province, Canada;

(e)   all right, title and interest in the parcel or parcels of real property located at 282-284 McGee Road, bounded by Akwesasne Road, St. Regis Village, Quebec Province, Canada;

26.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853)

CRIMINAL FORFEITURE ALLEGATIONS FOR COUNTS TWO AND THREE
(Marijuana Importation and Distribution Conspiracy)

27.   The United States hereby gives notice to the defendants charged in Counts Two and Three that, upon their conviction of one or more of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of one or more

of such offenses, to forfeit (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including, but not limited to, the following:

### Money Judgment

(a)  a sum of money equal to at least approximately $100,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offenses, for which the defendants are jointly and severally liable.

### Specific Property

(b)  all right, title and interest in the real property located at 80-04 Penelope Avenue, Middle Village, New York;

(c)  all right, title and interest in the real property located at 516 State Route 37, Hogansburg, New York;

(d)  all right, title and interest in the real property located at 72 Fisherman's Lane, Snye, Quebec Province, Canada;

(e)  all right, title and interest in the parcel or parcels of real property located at 282-284 McGee Road,

21

bounded by Akwesasne Road, St. Regis Village, Quebec Province,

Canada;

22

28.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any

23

other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853)

### CRIMINAL FORFEITURE ALLEGATIONS FOR COUNT FOUR
(Money Laundering Conspiracy)

29.    The United States hereby gives notice to the defendants charged in Count Four that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property, including but not limited to, the following:

#### Money Judgment

(a)    a sum of money equal to at least approximately $100,000,000.00, the total amount of gross proceeds the defendants obtained as a result of the offenses, for which the defendants are jointly and severally liable.

#### Specific Property

(b)    all right, title and interest in the real property located at 80-04 Penelope Avenue, Middle Village, New York;

24

(c) all right, title and interest in the real property located at 516 State Route 37, Hogansburg, New York;

(d) all right, title and interest in the real property located at 72 Fisherman's Lane, Snye, Quebec Province, Canada;

(e) all right, title and interest in the parcel or parcels of real property located at 282-284 McGee Road, bounded by Akwesasne Road, St. Regis Village, Quebec Province, Canada;

25

30.  If any of the above-described forfeitable
property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due
diligence;

(b)  has been transferred or sold to, or deposited
with, a third party;

26

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference into Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property.

(Title 21, United States Code, Section 853; Title 18, United States Code, Section 982)

A TRUE BILL

_____
FOREPERSON

_____

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

27